**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 08-4940**

───────────

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

   v.

JOE LEWIS JEFFERSON, a/k/a Stink, a/k/a Louis Jefferson,
a/k/a Joe Little, a/k/a Jo Jo, a/k/a Joseph Wayne Jefferson,

       Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  James C. Dever III,
District Judge.  (4:07-cr-00023-D-1; 5:07-cr-00197-D)

───────────

Submitted:  November 23, 2009    Decided:  December 10, 2009

───────────

Before WILKINSON and MICHAEL, Circuit Judges, and HAMILTON,
Senior Circuit Judge.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Mark E. Edwards, EDWARDS & TRENKLE, PLLC, Durham, North
Carolina, for Appellant.  George E. B. Holding, United States
Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant
United States Attorneys, Raleigh, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following his guilty plea to identity fraud, in violation of 18 U.S.C. § 1028(a)(7) (2006), and possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924 (2006), Joe Lewis Jefferson was sentenced to 156 months' imprisonment on the identity fraud conviction and a concurrent 120 months' imprisonment on the firearm and ammunition count. Jefferson appeals his sentence, arguing that the district court erred when it imposed a departure sentence that was too extensive. Finding no error, we affirm.

Although Jefferson does not dispute the legal or factual correctness of the district court's findings at sentencing and does not claim that the district court was unjustified in departing under the relevant guidelines provisions, Jefferson does assert that his sentence is "only 24 months less than the maximum" and that it is excessive in light of his guilty plea, acceptance of responsibility, and efforts to cooperate with authorities. The district court provided ample analysis of the reasons it believed Jefferson's departure sentence was warranted, not only during Jefferson's sentencing hearing, but also in a detailed sentencing memorandum. Given the extent of Jefferson's criminal history, the negligible deterrent effect of his prior more lenient sentences, the

increasingly serious and extensive nature of Jefferson's offenses, and the district court's meaningful articulation of the reasons for its departure and the extent of the departure, we find that the extent of Jefferson's departure sentence was reasonable. See Gall v. United States, 552 U.S. 38, 50-51 (2007); United States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007).

Based on the foregoing, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED